# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travis L. Ware, | No. CV 19-02896-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Phoenix, et al., | |
| Defendants. | |

**I.   Procedural History**

On May 7, 2019, Plaintiff Travis L. Ware, who was then confined in the Arizona State Prison Complex-Douglas and is now confined in the Southeast Correctional Center in Charleston, Missouri, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a May 8, 2019 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the filing and administrative fees for this action or file a complete Application to Proceed In Forma Pauperis. Plaintiff subsequently filed two more deficient Applications to Proceed In Forma Pauperis, which the Court denied with leave to re-file on June 6, 2019, and July 2, 2019, respectively.

On July 15, 2019, Plaintiff filed his fourth Application to Proceed In Forma Pauperis. In an October 8, 2019 Order, the Court granted the Application to Proceed and dismissed the Complaint with leave to amend because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies

identified in the Order.

On October 28, 2019, Plaintiff filed a "Motion to Reconsider/Extension of Time." On November 1, 2019, Plaintiff filed a "Motion of Discovery Exculpatory Evidence." In a December 23, 2019 Order, the Court denied Plaintiff's Motion for Discovery. The Court granted the "Motion to Reconsider/Extension of Time" in part and gave Plaintiff an additional 60 days to file an amended complaint in compliance with the October 8, 2019 Order and denied the Motion in all other respects. The Court explicitly warned Plaintiff that if he failed to file an amended complaint within 60 days, this case would be dismissed without further notice to him.

On March 11, 2020, not having received an amended complaint or a motion for extension of time, the Clerk of Court dismissed this action with prejudice and entered Judgment. (Doc. 22.) The same day, the Court received Plaintiff's First Amended Complaint (Doc. 23), which he signed on March 2, 2020. Under the prison "'mailbox rule,' . . . a legal document is deemed filed on the date a [plaintiff] delivers it to the prison authorities for filing by mail." *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). Plaintiff's First Amended Complaint is deemed to have been timely filed on March 2, 2020. Therefore, the Court will vacate the March 11, 2020 Judgment, and reopen this case. The Court will dismiss the First Amended Complaint and this action.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III.    First Amended Complaint**

In his First Amended Complaint, Plaintiff seeks monetary relief from Defendants City of Phoenix, City of Tempe, City of Douglas, and the State of Arizona. Plaintiff asserts claims related to his arrest.

In Count One, Plaintiff alleges that he was arrested without probable cause. He asserts that he was given the option to remedy "the issue" by pleading guilty "with the intention to subject [him] to denial of [his] constitutional rights." Plaintiff further claims he suffered multiple bodily injuries due to an "incident."

Plaintiff designates Count Two as a claim for "municipal" liability based on the failure of the State of Arizona to "discipline" municipal policymakers "on a specific instance [of] violation of [the Fourth] Amendment." Plaintiff appears to allege that a "tort

remedy" is available against individuals acting as advocates on behalf of the State who, under the color of state law, "subject[s] or causes to be subjected" any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution "and laws." As his injury, Plaintiff claims that as a result of a "civil conspiracy," he was deprived of liberty and suffered multiple bodily injuries.

In Count Three, Plaintiff alleges that state officials deprived him of federal rights by omitting to perform an act that they are legally required to perform, which caused the deprivation. He appears to assert that St. Luke's Tempe Hospital and the "Douglas Mohave AZ medical system" breached the standard of care, and as a result, he suffered severe bodily injuries.

## IV. Failure to State a Claim

### A. State of Arizona

The State of Arizona is not a proper Defendant. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Therefore, the Court will dismiss Defendant State of Arizona.

### B. City Defendants

A municipality may not be sued solely because an injury was inflicted by its employees or agents. *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*,

435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has failed to allege facts to support that the City of Phoenix, City of Tempe, or City of Douglas maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom. Thus, the Court will dismiss without prejudice Defendants City of Phoenix, City of Tempe, and City of Douglas.

### C. Claims for Damages Barred

A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff pleaded no contest to a dangerous drug violation in Maricopa County Superior Court case #CR2018-159265; pleaded no contest to one count of aggravated assault in #CR2018-161415; and pleaded guilty to one count of possession of a dangerous drug in #CR2019-106078.[1] Those convictions have not been reversed, expunged, or otherwise invalidated. Although Plaintiff's allegations are not entirely clear, his claims that he was arrested without probable cause, or that his Fourth Amendment rights were otherwise violated, imply the invalidity of his convictions, and his claims are therefore barred by *Heck*.

## V. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his First Amended Complaint, the Court will dismiss his First Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is

---

[1] *See* http://www.courtminutes.maricopa.gov/viewerDoc.asp?sadID=41250 (last accessed March 13, 2020); http://www.courtminutes.maricopa.gov/viewerDoc.asp?sadID=41252 (last accessed March 13, 2020); http://www.courtminutes.maricopa.gov/viewerDoc.asp?sadID=41251 (last accessed March 13, 2020).

particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) The Clerk of Court must **vacate** the March 11, 2020 Judgment (Doc. 22) and reopen this case.

(2) Plaintiff's First Amended Complaint (Doc. 23) and this action are **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(3) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(4) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 16th day of March, 2020.

Michael T. Liburdi
United States District Judge